UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P.,<br><br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>AUGME TECHNOLOGIES, INC.,<br><br>　　　　　　　Defendant. | **COMPLAINT** |

## THE PARTIES

1. At the time of the filing of this action, Augme Technologies, Inc., formerly known as Modavox, Inc., ("AUGME" or "Defendant") is a corporation organized under the laws of Delaware, with its principal place of business and headquarters located in New York City, New York. As a result of a merger, Modavox, Inc. changed its name to Augme Technologies, Inc. in February 2010.

2. Shaub & Williams LLP ("SHAUB & WILLIAMS" or "Plaintiff") is a limited liability partnership organized under the laws of the State of California with its principal place of business in Los Angeles, California.

## NATURE OF THE ACTION

3. SHAUB & WILLIAMS hereby realleges paragraphs 1 through 2 as if fully set forth herein.

4. This is an action in quantum meruit for the recovery of reasonable attorney fees and costs owed by AUGME to SHAUB & WILLIAMS for legal services performed over the course of almost four years.

## JURISDICTION AND VENUE

5. SHAUB & WILLIAMS hereby realleges paragraphs 1 through 4 as if fully set forth herein.

6. Jurisdiction over the subject matter hereof is conferred upon this Court by the fact that this Complaint relates to the performance of the engagement agreement at issue, which performance took place primarily in New York and thus the United States District Court, Southern District of New York may regulate such performance within its jurisdiction.

7. Venue in this judicial district is proper because the underlying litigation that was the first litigation to be brought by SHAUB & WILLIAMS on behalf of AUGME, and which is the subject of the first engagement agreement entered into between the Parties, was litigated in the Southern District of New York and thus this judicial district has an interest in the legal fees incurred in the litigation of such disputes within its district.

## STATEMENT OF FACTS

8. SHAUB & WILLIAMS hereby realleges paragraphs 1 through 7 as if fully set forth herein.

9. In March 2008, AUGME engaged SHAUB & WILLIAMS, together with patent attorney David Rosenbaum ("Rosenbaum"), to represent AUGME and to take over from another law firm an action it had already filed against Tacoda, Inc. in August 2007

in the United States District Court, Southern District of New York, Case No. 1:07-cv-07088-CM ("Tacoda" or "Tacoda Action") for infringement of two patents held by AUGME. A true copy of the engagement agreement entered into between SHAUB & WILLIAMS and AUGME (formerly Modavox, Inc.) ("Engagement Agreement") is attached hereto as Exhibit 1. The Engagement Agreement was thereafter amended twice. True copies of these amendments to the Engagement Agreement are attached hereto as Exhibits 2 and 3.

   10. SHAUB & WILLIAMS was engaged to prosecute the Tacoda Action and explore settlement. Rosenbaum was engaged to assist in the litigation. After being engaged, SHAUB & WILLIAMS discovered that the Initial Disclosures required under Rule 26 had not been timely exchanged the previous year under the direction of the former discharged law firm, so SHAUB & WILLIAMS completed that task as well as obtaining a revision of the Court's scheduling order regarding deadlines. SHAUB & WILLIAMS also performed extensive due diligence regarding the patent claims before proceeding to prosecute the Tacoda Action.

   11. After it became apparent that Tacoda was not interested in settlement, SHAUB & WILLIAMS began the discovery process and exchanges which involved substantial discovery requests and responses considering the complex nature of the Tacoda Action and the highly technical aspects of the patents involved. At first, Tacoda refused to produce any discovery, claiming a violation of Rule 11 by AUGME's former counsel thereby forcing AUGME to obtain Court relief to compel discovery despite the Rule 11 violation allegations. What followed was a continuous series of lengthy written discovery disputes beginning in August and September 2008, which extended into early

2011, all of which involved meet and confers between counsel, letters to and hearings before the magistrate judge, multiple motions to compel and motions for sanctions because of spoliation of evidence after an extensive review and analysis with an expert of half a million lines of code and millions of pages of documents. Almost all discovery-related motions brought before the Court by SHAUB & WILLIAMS were successful.

12. In September 2008, pursuant to the request of AUGME'S management and after conducting due diligence, SHAUB & WILLIAMS filed a trademark infringement action against AOL, LLC in the United States District Court, Central District of California, Case No. 08-cv-05914 (the "AOL Trademark Action"). In the latter part of 2009, evidence was discovered which SHAUB & WILLIAMS reviewed with AUGME and which led to the belief that AOL LLC, Time Warner, Inc., and Platform-A, Inc. were infringing the AUGME patents previously asserted against Tacoda. AOL's public records and discovery further showed that in July 2007, AOL/Time Warner had purchased Tacoda and subsequently was integrating Tacoda's technology into their Internet platform.

13. AUGME requested SHAUB & WILLIAMS to bring an action for patent infringement against AOL, Time Warner and Platform-A, which SHAUB & WILLIAMS did by amending the complaint in the AOL Trademark Action in January 2009 to add allegations of patent infringement in addition to the trademark claim and to also add the defendant Time Warner (the "AOL/Time Warner Action").

14. Because of the pendency of the Tacoda Action in which AOL had a significant role because of its acquisition of Tacoda, AOL began a series of motions in March 2009 to transfer the AOL/Time Warner Action from California to New York and

to consolidate the AOL/Time Warner Action with the Tacoda Action. While the AOL/Time Warner Action was transferred, the consolidation request was successfully opposed by SHAUB & WILLIAMS, and the AOL/Time Warner Action was assigned to a different judge in the United District Court, Southern District of New York, Case No. 1:09-cv-04299-RWS.

15. AOL then filed further motions during the course of 2009, which were successfully opposed by SHAUB & WILLIAMS and instead resulted in a stay of the patent claims in the AOL/Time Warner Action and the continued litigation of the trademark claims against AOL which led to an attempted mediation of those claims.

16. AUGME further requested that SHAUB & WILLIAMS bring another patent infringement action based upon the same two patents against Yahoo, Inc. Pursuant to that request, and after due diligence by SHAUB & WILLIAMS, it filed such action in April 2009 in the United States District Court, Northern District Court of California against Yahoo, Inc., Case No. 3:09-cv-05386-JCS (the "Yahoo Action").

17. The Tacoda Action, AOL/Time Warner Action and Yahoo Action began to somewhat proceed in parallel including claims construction, chain of title analysis, infringement and invalidity analysis with engaged experts in the patent matters, and disclosure exchanges, written discovery and multiple settlement and mediation meetings and conferences in the three matters. Although the patent claims in the AOL/Time Warner Action were stayed, the AUGME/AOL efforts to settle were global.

18. Beginning in or around January 2010, deposition discovery proceeded in the Tacoda Action which included efforts to take the deposition and obtain records of AUGME's previous counsel in connection with AOL's contention that the previous

counsel had violated Rule 11. SHAUB & WILLIAMS successfully asserted the attorney-client privilege in these proceedings. Later, SHAUB & WILLIAMS moved to compel the deposition of the President of AOL. The magistrate judge ruled the depositions of midlevel AOL executives should proceed first which they did in early 2011.

19. As deposition discovery in the Tacoda Action was close to completion, based on evidence obtained during discovery regarding the purchase of Tacoda by AOL and the manner in which the integration of the Tacoda technology into AOL occurred, SHAUB & WILLIAMS successfully moved on behalf of AUGME to include AOL as defendant in the Tacoda Action on the theory of alter ego.

20. During the course of the engagement of SHAUB & WILLIAMS in all the aforementioned matters, AUGME's management communicated with SHAUB & WILLIAMS on a frequent, and sometimes daily basis, providing SHAUB & WILLIAMS with tasks and directions which were pursued where appropriate.

21. The tasks undertaken by SHAUB & WILLIAMS, including those mentioned above, were extremely complex and highly technical and thus required many hours of attorney time and expert analysis to ensure a dutiful and complete case preparation. In particular, the claims construction process and later review of technical documents, software code and analytic maps, involved months of analysis and study by SHAUB & WILLIAMS attorneys, often in conferral with experts and Rosenbaum. The costs of litigation were further increased significantly by various unanticipated issues. AUGME's previous counsel was accused by AOL as having failed to exercise due diligence. Multiple changes occurred in the management of AUGME, consisting of three different CEOs, the additions and departures of AUGME's in-house counsel, various

6

support officers, and several members of the board of directors. Key investors and members of the board of directors, from time to time, provided their input and their opinion of how the case should be handled. These opinions were conveyed to SHAUB & WILLIAMS. Further, the reverse merger in which Modavox became Augme Technologies created issues to be resolved. These changes all required new explanations and reports regarding the litigation, in addition to the demands of the client and attention they sought regarding the litigation and updates, as well as the plethora of discovery issues mentioned above resulting from the questionable Rule 11 tactics of the defendants.

22. Before SHAUB & WILLIAMS withdrew as counsel, a settlement conference was conducted in New York in the Tacoda and AOL/Time Warner Actions. Further, in the Yahoo Action, after completing the initial infringement contentions and mediation, SHAUB & WILLIAMS successfully defeated a motion for summary judgment brought by Yahoo.

23. Shortly before February 2, 2011, SHAUB & WILLIAMS was notified that new counsel, Goodwin Proctor, was engaged by AUGME so that it would have a national firm taking over the litigation as lead counsel. However, it was represented by Augme management to SHAUB & WILLIAMS that it would still be assisting in the litigation. As part of that assistance, SHAUB & WILLIAMS provided electronically as quickly as possible over a period of about a month over a gigabyte of documents in electronic form broken down into topical categories using an electronic link system designated by Goodwin Proctor. These transfer efforts were coordinated with Goodwin Proctor on a daily basis and completed by April 2011.

24. By March 2011, SHAUB & WILLIAMS was owed a substantial amount of fees that were payable in accordance with its billings. Multiple unsuccessful requests for payment were made to AUGME. Furthermore, beginning in April 2011, SHAUB & WILLIAMS's efforts to continue its requested coordination of efforts with Goodwin Proctor, and to assist with the litigation going forward, were rejected by Goodwin Proctor and AUGME. After this point, SHAUB & WILLIAMS was no longer permitted to provide any input into the course of the litigation. Instead, it was basically shut out of the case and was not provided updates regarding the litigation, including being provided with the contents of a number of filings under seal.

25. SHAUB & WILLIAMS had agreed in the Engagement Agreement to defer a portion of its billings in the Tacoda Action and even deferred portions of its AOL/Time Warner and Yahoo Action billings, in anticipation of AUGME's providing a success fee. However, AUGME repeatedly failed to uphold its agreement to make payments in accordance with the non-deferred billings and also rejected SHAUB & WILLIAMS' rights to warrants as a success fee for the deferral of fees. Further, AUGME stated that SHAUB & WILLIAMS did not have any rights to the warrants tied to a successful conclusion of the Tacoda Action, as set forth in the Engagement Agreement, basing its reasoning that SHAUB & WILLIAMS no longer could influence a successful conclusion of the Tacoda Action and that the AUGME board had never approved any warrants to be issued to SHAUB & WILLIAMS, particularly with respect to matters other than the Tacoda Action.

26. SHAUB & WILLIAMS attempted to engage in a series of negotiations over the outstanding fees, but the dispute remained unresolved. During these

negotiations, AUGME asserted for the first time in April 2011 that SHAUB & WILLIAMS had been terminated, whereas SHAUB & WILLIAMS took the position it was entitled to withdraw from the cases due to its failure to make timely payments.

27. In April 2011, SHAUB & WILLIAMS attorneys moved for orders of withdrawal from the Tacoda Action, AOL/Time Warner Action and Yahoo Action, all of which were granted.

28. On October 12, 2012, SHAUB & WILLIAMS sent a demand letter and a notice of right to arbitrate under Sections 6200-6206 of the California Business and Professions Code to Robert Hussey, then CEO of AUGME. A true copy of the letter and notice is attached hereto as Exhibit 4. As of the date of filing this Complaint, no response has been received from AUGME.

## FIRST CAUSE OF ACTION

### (QUANTUM MERUIT)

29. Plaintiff hereby realleges paragraphs 1 through 28 as if fully set forth herein.

30. Defendant AUGME is liable to Plaintiff in quantum meruit for the reasonable value of legal services rendered by SHAUB & WILLIAMS in an amount not less than $2,249,686.25 based on the billings of SHAUB & WILLIAMS, consisting of, among other things, the reasonable hourly fees, both presently due and previously deferred, owed to Plaintiff by Defendant pursuant to the Engagement Agreement executed by AUGME and SHAUB & WILLIAMS.

31. WHEREFORE, Plaintiff, SHAUB & WILLIAMS, demands judgment against Defendant, AUGME, as follows:

a. On the First Cause of Action against Defendant AUGME in an amount to be determined, but in the approximate amount of $2,249,686.25 together with pre-judgment interest and the costs of this action; and

b. For such other relief as the Court deems just and appropriate.

Dated: December 18, 2012                    SHAUB & WILLIAMS, LLP

By: _____
Lisbeth Bosshart Merrill, Esq.
Attorneys for the Plaintiff
Shaub & Williams, LLP
12121 Wilshire Blvd., #205
Los Angeles, CA 90025