UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P., <br><br> Plaintiff, <br><br> - against - <br><br> AUGME TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 13-cv-1101 (GBD)(jcf) <br> ECF Case |

**PLAINTIFF SHAUB AND WILLIAMS LLP'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STRIKE UNDER FRCP 12(F)**

I.      INTRODUCTION AND BACKGROUND

On March 22, 2013, Plaintiff Shaub & Williams LLP ("S&W) filed its amended complaint ("Complaint") for one count of quantum meruit in this action. [Dkt. No. 3.] Defendant Augme Technologies, Inc.'s ("Augme") submitted its answer ("Answer") with counterclaims for legal malpractice/professional negligence and breach of contract. [Dkt. No. 8.] Plaintiff now moves to strike Augme's second, fifth, ninth, tenth, eleventh and twelfth affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f).

II.     LEGAL STANDARD

Rule 12(f) provides that upon a "motion made by a party . . . within 21 days after being served with the pleading . . . [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "In deciding a Rule 12(f) motion, a court must accept the matters well-pleaded as true and should not consider matters outside the pleadings." *County Vanlines Inc. v. Experian Info. Solutions, Inc*., 205 F.R.D. 148, 152 (S.D.N.Y. 2002)(internal quotations and citation omitted). A three-part test determines whether a Rule 12(f) motion will be granted in this district:

> First, there may be no question of fact which might allow the defense to succeed. . . . Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed. . . . Third, plaintiff must show that it is prejudiced by the inclusion of the defense.

Id. at 153 (quoting *SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992)).  Motions to strike, however, "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D. Conn. 1979).  Further, as noted by this Court, "where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *SEC v. KPMG LLP*, 2003 U.S. Dist.

LEXIS 14301 at *5 (S.D.N.Y. Aug. 20, 2003)(citing *Simon v. Mfrs. Hanover Trust Co.*, 849 F. Supp. 880, 882 (S.D.N.Y. 1994); *see also FDIC v. Eckert Seamans Cherin & Mellott, 754 F. Supp. 22, 23 (E.D.N.Y. 1990)* (striking affirmative defenses on the finding that "[t]he extensive pre-trial discovery available to [the defendant] in these affirmative defense could take many months").

Therefore, an affirmative defense should not be stricken on a Rule 12(f) motion "unless it can be shown that no evidence in support of the allegation would be admissible," i.e., that the defense is totally insufficient as a matter of law. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976), citing *Gleason v. Chain Service Restaurant*, 300 F. Supp. 1241 (S.D.N.Y. 1969), aff'd, 422 F.2d 342 (2d Cir. 1970); *Fleischer v. A.A.P., Inc.*, 180 F. Supp. 717 (S.D.N.Y. 1959).

**III.   ARGUMENT**

Augme's second, fifth, ninth, tenth, eleventh, and twelfth affirmative defenses are either completely irrelevant or legally insufficient.  As a result, S&W will be forced to engage in extensive pre-trial discovery based on defenses that Augme has no evidentiary or factual basis for.  It will dramatically increase Plaintiff's discovery burden and costs for all parties if S&W is forced, through interrogatories, depositions, and document discovery to uncover each of the factual theories, if any, on which Augme's boilerplate affirmative defenses reply.  S&W is entitled to adequate advance notice of Augme's theories of defense.  Without such, Augme's conclusory assertions must be stricken.

Furthermore, "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion." Toomey, 866 F. Supp. at 722 (citations omitted). While this case is in its early stages with respect to the operative pleadings, Augme's inclusion

of the referenced boilerplate, redundant, and/or legally baseless affirmative defenses create prejudice to Plaintiff, requiring significant resources, time, and discovery.  As a consequence, the Court will be required to exert considerable efforts to narrow and refine the issues in this case.

Augme's conclusory affirmative defenses contain no factual support or context, much less any explanation.  Instead, they are formulaic and boilerplate recitations of generic legal doctrines.  These conclusory assertions cannot satisfy the relevant pleading standard under either Rule 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  The court in *Twombly* described a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible" as opposed to merely conceivable.  *Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008)*; *see also Bilello v. JPMorgan Chase Ret.* Plan, 607 F. Supp. 2d 586, 591 (S.D.N.Y. 2009).

While there is some disagreement among district courts as to whether *Twombly* and *Iqbal* apply to affirmative defenses, this court and the majority of district courts across the country have extended *Twombly*'s plausibility standard to affirmative defenses. *See EEOC v. Kelly Drye & Warren, LLP*, No. 10 Civ 665 (LTS)(MHD), 2011 WL 3163443 (SDNY July 25, 2011) (". . . most lower courts that have considered the question of the standard applicable to pleading of defenses have held that the Rule 12(b)(6) standard, as elucidated in *Twombly* and *Iqbal*, governs the sufficiency of the pleading of affirmative defenses.); *Dilmore v. Alion Sci. & Tech. Corp.*, Civil No. 11-72, 2011 WL 2690367, at *5 (WD Pa July 11, 2011) (". . . the emerging majority of district courts apply the Twombly/Iqbal standards to at least affirmative defenses.); *Riemer v. Chase Bank United States, N.A.*, 274 FRD 637, 640 (ND Ill 2011) ("While it may be a stretch to say of the more than 100 cases that have considered the applicability of Iqbal and Twombly to

affirmative defenses, that the 'vast majority of . . . districts' are in favor of the application, it does appear that a majority are." (citation omitted)); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171-72 (N.D. Cal. 2010)("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses.); *see also Children First Found., Inc. v. Martinez*, No. 04-927, 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) (noting that Rule 12(b)(6) and Rule 12(f) are "'mirror images' of one another"). Similarly and based on the foregoing, *Twombly* and *Iqbal* should also be applied to Augme's affirmative defenses.

Nevertheless, under any construction of Federal Rules of Civil Procedure 8(b) and 8(c), which govern the pleading of denials and affirmative defenses, Augme simply fails to provide notice to Plaintiff about what the referenced affirmative defenses really are. Augme must provide some factual basis for its defenses, and its conclusory assertions fail to meet its notice pleading obligations. See *Sun Microsystems, Inc. v. Versata Enters., Inc., 630 F. Supp. 2d* 395, 408-09 (striking defenses supported by either "conclusory" allegations or no allegations). In addition, the affirmative defenses cannot merely be a "'grocery list'" of legal doctrines "with no effort to state facts which might support them." *Shinew v. Wszola*, No. 08-14256, 2009 WL 1076279, at *2-3 (E.D. Mich. Apr. 21, 2009)(denying defendants' motion to amend affirmative defenses because a "party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention")(quoting *Davis v. Sun Oil Co*., 148 F.3d 606, 614 (6th Cir. 1998)); *Stoffels v. SBC Comm., Inc.*, No. 05-233, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008) (striking defenses where no grounds pled); *In re Mission Bay Ski & Bike, Inc*., Nos. 07 B20870 & 08 A 55, 2009 WL 2913438, at *6 (Bankr. N.D. Ill. Sept. 9, 2009)(same).

### A. Second Affirmative Defense (Dismissal with Good Cause)

Augme fails to provide any factual or explanatory basis for its allegation that Plaintiff was dismissed as counsel "for good cause." Without factual elucidation, this defense fails to meet the *Twombly* pleading standard and S&W cannot adequately determine the basis for Augme's conclusory statement.

### B. Sixth Affirmative Defense (Breach of Contract)

This defense simply does not apply. In its Complaint, S&W is suing under an equitable theory of quantum meruit and not breach of contract. In New York, an attorney may only recover for attorney fees upon termination of its fee agreement via charging lien, retaining lien or reasonable value of services (quantum meruit). *Liddle & Robinson, LLP v. Garrett* (2010 SDNY) 720 F. Supp. 2d 417, 423). This applies whether it is a contingency fee, straight hourly fee agreement, or a blended contingency and hourly fee agreement. Id. At 424-425. Therefore, this defense is irrelevant and legally baseless.

### C. Ninth Affirmative Defense (Laches)

In order to prevail on a laches defense, Augme must demonstrate by a preponderance of the evidence that it suffered economic prejudice causally related to plaintiff's unreasonable delay in bringing suit. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). Augme must prove the following two elements of laches: (1) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) the delay operated to the prejudice or injury of the defendant. However, Augme's conclusory statement that S&W's claims are barred by the doctrine of laches specifies no facts whatsoever indicating the basis for its allegations. More specifically, Augme's Answer fails to provide any facts regarding any

purported delay by S&W in bringing its suit and how or in what way it was prejudiced.  As a result, this defense also fails to meet the Twombly pleading standard.

### D.  Tenth Affirmative Defense (Waiver)

An affirmative defense of waiver generally consists of a "voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable."  *Beth Israel Med. Or. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 585 (2d Cir. 2006) (alteration omitted); *see also KPMG*, 2003 WL 2 1976733, at *3.  However, similar to its second and ninth defenses, Augme has pled no facts to indicate the basis of its waiver theory.

### E.  Eleventh Affirmative Defense (Estoppel)

The doctrine of equitable estoppel applies when "the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Kosakow v. New Rochelle Radiology Assocs.*, P.C, 274 F.3d 706, 725 (2d Cir. 2001).  "The elements of the defense include proof that the plaintiff made a misrepresentation of fact to the defendant with reason to believe that the defendant would rely upon it; that the defendant did reasonably rely upon it; and that the defendant was harmed by the reliance." *KPMG*, 2003 WL 2 1976733, at *2 (citing *Kosakow*, 214 F.3d at 725).  Whether the defense of estoppel applies is ordinarily a question of fact. Id.  Augme has pled no facts to support its estoppel defense.  As a result, this Court is unable to perform the factual analysis employed by KPMG to determine whether the defense of estoppel even applies.
Without any factual support whatsoever, this defense is insufficient and should be stricken. See *Solis v. Couturier*, No. 08-2732, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009.
///

### F.  Twelfth Affirmative Defense for (Unclean Hands)

This court has made it clear that the "mere recitation of the legal buzzwords" is not sufficient to state a valid defense of unclean hands.  *In re Beacon Assoc. Litig.*, No. 09 Civ. 777 (LBS) (AJP), 2011 WL 3586129, at *1 (S.D.N.Y. Aug. 11, 2011)(internal quotation marks omitted) (collecting cases); *see also Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) ("Pleading the words 'unclean hands' without more . . . is not a sufficient statement of such defense.").  Augme's Answer offers no indication or facts of how the doctrine of unclean hands would bar Plaintiffs' claims.  *See Daiwa Special Asset Corp. v. Desnick*, No. 00 Civ. 3856 (SHS), 2002 WL 1997922, at *12 (S.D.N.Y. Aug. 29, 2002)(striking the unclean hands defense because "mere pleading of the defense . . . without more is insufficient").

Further, a defense of unclean hands that is based on allegations of fraud, mistake, duress or undue influence must be pled with particularity under Rule 9(b).  The equitable doctrine of unclean hands is intended to deny recovery to a party that has engaged in "reprehensible conduct in the course of the transaction at issue."  *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995).  Rules 8 and 9 require a short and plain statement of the facts particularly where the defenses relate to assertions of fraud or mistake.  Fed. R. Civ. P. Rule 9(b)(stating that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Therefore, mere conclusory assertions are not sufficient.  *Shechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d. Cir. 1996)(citations omitted).

Augme has failed to furnish any information regarding S&W alleged misconduct.  Therefore, S&W has not been provided fair notice of the basis for Augme's unclean hands allegation.  Accordingly, Augme's affirmative defense of unclean hands should also be stricken.

///

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff S&W respectfully requests that the Court grant its motion to strike Augme's second, fifth, ninth, tenth, eleventh, and twelfth affirmative defenses.


Dated: May 3, 2013                            Respectfully submitted,


                                          By: /s/ Lisbeth Bosshart Merrill
                                              Lisbeth Bosshart Merrill, Esq.
                                              Attorneys for the Plaintiff
                                              SHAUB & WILLIAMS, LLP
                                              12121 Wilshire Blvd., #205
                                              Los Angeles, CA 90025
                                              Tel.: (310) 826-6678
                                              Fax: (310) 826-8042