UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P.,<br><br>Plaintiff,<br><br>- against -<br><br>AUGME TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 13-cv-1101 (GBD)(jcf)<br>ECF Case |
| AUGME TECHNOLOGIES, INC.,<br><br>Counterclaimant,<br><br>- against -<br><br>SHAUB AND WILLIAMS, L.L.P.,<br><br>Counterclaim<br>Defendant. | **Hon. James C. Francis**<br>**United States Magistrate Judge** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES BY DEFENDANT AUGME TECHNOLOGIES, INC. TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS UNDER FRCP 37**

## TABLE OF CONTENTS

I. INTRODUCTION …………………………………………………………… 1

II. FACTUAL BACKGROUND ……………………………………………… 3

    A.  S&W's Complaint and Augme's Counterclaims  ……………………… 2

    B.  S&W's First Set of Interrogatories To Augme …………………… 3

    C.  S&W's First Request for Production of Documents To Augme…………… 3

    D.  S&W's Subpoena to Goodwin Proctor LLP………………………… 3

    E.  S&W's Second Set of Interrogatories To Augme…………………… 4

    F.  Protective Orders ……………………………………………....... 4

    G.  Request for Supplemental Interrogatory Responses from Augme………... 5

III. LEGAL STANDARD ……........................................................ 5

IV. ARGUMENT……………………………………………………………… 6

    A.  S&W's First Set of Interrogatories to Augme……………………........7

    B.  S&W's First Request for Production of Documents To Augme and Subpoena to Goodwin …………………………………………………… 10

        i.  RFPD Nos. 1-3 ……………………………………………… 10

        ii.  RFPD Nos. 10 and 11/ Goodwin RFPD nos. 7 and 8……………... 11

        iii.  RFPD nos. 12 and 13/ Goodwin RFPD nos. 9 and 10 …………..…… 13

    C.  S&W's Subpoena to Goodwin Proctor LLP …………………………… 14

    D.  S&W's Second Set of Interrogatories To Augme …………………… 15

V. CONCLUSION ………………………………………………..…… 17

## TABLE OF AUTHORITIES

**Cases:**                                                                      **Page #**

*Accord Maresco v. Evans Chemetics, Div.*, 964 F.2d 106 (2d Cir. 1992) ........................... 5

*ABF Capital Mgmt. v. Askin Capital*, Nos. 96 Civ. 2978, 95 Civ. 8905, 97 Civ. 1856, 97 Civ. 4335, 98 Civ. 6178, 98 Civ. 7494, 2000 U.S. Dist. LEXIS 3633 (S.D.N.Y. Feb. 8, 2000) .......... 12

*Banff Ltd. v. Limited, Inc.*, No. 93 Civ. 2514 (CSH)(RLE), 1994 U.S. Dist. LEXIS 1779 (S.D.N.Y. Feb. 18, 1994) ...................................................................................................... 11

*Condit v. Dunne*, 225 F.R.D. 100 (S.D.N.Y. 2004) ............................................... 5

*Hickman v. Taylor*, 329 U.S. 495 (1947) ............................................................ 14

*Johnson v. Nyack Hospital*, 169 F.R.D. 550 (S.D.N.Y. 1996) ............................... 5

*King County v. IKB Deutsche Industriebank AG*, 09 Civ. 8387 (SAS), 2012 U.S. Dist. LEXIS 116583 (S.D.N.Y. 2012) ...................................................................................... 12

*Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP,* No. 03 Civ. 5560, 2006 U.S. Dist. LEXIS 35615 (S.D.N.Y. June 1, 2006) ......................................................... 9

*Linde v. Arab Bank, PLC*, 2012 U.S. Dist. LEXIS 39518 (E.D.N.Y. Mar. 20, 2012) .......... 7, 15

*Melendez v. Greiner*, No. 01 Civ. 7888, 2003 U.S. Dist. LEXIS 19084 (S.D.N.Y. Oct. 23, 2003) ................................................................................................ 6

*In re MSTG*, 675 F.3d 1337 (Fed. Cir. 2012) .................................................... 12

*MTB Bank v. Fed. Armored Express, Inc.*, No. 93 Civ. 5594 (LBS), 1998 U.S. Dist. LEXIS 922 (S.D.N.Y. Feb. 2, 1998) ......................................................................................... 11

*Naftchi v. New York University Medical Center*, 172 F.R.D. 130 (S.D.N.Y. 1997) ............ 5

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ................................... 5

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367 (S.D.N.Y. 2010) ................................................................................................ 15

*US Bank Nat'l Ass'n v. PHL Variable Ins. Co*., 12 Civ. 6811 (CM)(JCF), 2013 U.S. Dist. LEXIS 143398 (S.D.N.Y. 2013) ....................................................................................... 8, 10

*In re Weatherford Int'l Secs. Litig.*, No. 11 Civ. 1646 (LAK)(JCF), 2013 U.S. Dist. LEXIS 154527 (S.D.N.Y. 2013) ...................................................................................................... 6, 7

United States Statutes

Fed. R. Civ. P. 26 ................................................................................ 5, 8, 9, 10, 14

Fed. R. Civ. P. 34 ................................................................................11

Fed. R. Civ. P. 33 ................................................................................16

Fed. R. Civ. P. 37 ................................................................................1

Other

Local Civil Rule 33.3 ........................................................................ 4, 5, 9, 15, 16

Plaintiff Shaub & Williams, LLP ("S&W") respectfully submits this memorandum of law in support of its motion to compel responses from Defendant Augme Technologies, Inc. ("Augme") to S&W's interrogatories and Notice of Subpoena to Augme Counsel, Goodwin Procter LLP (hereinafter, the "Motion to Compel"), pursuant to Fed. R. Civ. P. 37.

## I.    INTRODUCTION

Ten months after propounding its first set of discovery requests on Augme and more than a year after this case was filed in February 2013, S&W is still struggling to obtain relevant information and documents from Augme.  After battling steadfast resistance from Augme to produce any documents concerning the allegations contained in its counterclaim and defenses due to asserted attorney-client and work product privileges, S&W finally received a single production of documents on February 13, 2014 – the vast majority of which is already in the possession of S&W, such as emails with S&W, court filings and other documents prepared by S&W during its representation of Augme.  [Shaub Dec. ¶ 2.]  While a stipulated protective order between the parties regarding designated information in the underlying Tacoda Action was finally executed in this case a month thereafter, Augme has only produced another limited set of documents – this time, consisting solely of copies of unredacted and sealed documents filed with the Court in the Tacoda Action.  [*Id*. at ¶ 3.]  With less than a month left before the discovery deadline and four sets of outstanding discovery requests by S&W, S&W has no other option but to request the Court's assistance in compelling non-privileged information and documents from Augme.  More specifically, this motion to compel seeks responses and the production of documents from the following sets of requests:

- S&W's First set of interrogatories: Interrogatory no. 1;

- S&W's First set of production of documents: RFPD nos. 1-3, and 10-13;

- S&W's Subpoena to Goodwin: REFD nos. 7, 8, 10, 13, 15, 16;

- S&W's Second set of interrogatories: Interrogatory nos. 8, 11.

As established below, Augme's array of objections are completely meritless and prevent S&W from adequately moving forward with its cause of action for quantum meruit and adequately defending against Augme's breach of contract claim and affirmative defenses. Therefore, S&W respectfully requests the Court to compel the aforementioned discovery from Augme.

## II.     FACTUAL BACKGROUND

### A.  S&W's Complaint and Augme's Counterclaims

S&W filed its lawsuit for quantum meruit against Augme on February 19, 2013 based upon unpaid legal fees for S&W's representation of Augme against Tacoda and AOL for patent infringement, *Augme Technologies, Inc. v. Tacoda, Inc*., Case No. 1:07-cv-0708 8-CM ("Tacoda Action") and *Augme Technologies, Inc. v. AOL Inc. et al*., Case No. 1:09-cv-04299-RWS ("AOL Action I").  [Dkt. 1].  On March 22, 2013, S&W filed an amended complaint against Augme.  [Dkt. 3, Amended Complaint].  After the Court denied Augme's Counterclaim for legal malpractice/professional negligence on February 24, 2014 [dkt. 97], Augme answered the Amended Complaint with one remaining counterclaim for breach of contract on March 26, 2014 [Shaub Dec. ¶ 4; Ex. 1, dkt. 112, Second Amended Counterclaim], which was limited to allegations of excessive billing in the underlying actions.  On March 26, 2014, Augme also filed Second Amended Affirmative Defenses to S&W's Amended Complaint, which included, among others, defenses for failure to state a claim, dismissal with good cause, failure for consideration, excessive billing, unreasonable fees, breach of contract, and payment (of the fees).  [Shaub Dec. ¶ 5; Ex. 2, dkt. 113.]

**B.  S&W's First Set of Interrogatories To Augme**

S&W's first set of interrogatories was propounded upon Augme on June 3, 2013.  [Shaub Dec. ¶ 6.]  On July 8, 2013, Augme objected to interrogatory No. 1 on the basis of improper marshaling of evidence and calls for premature expert testimony.  [Shaub Dec. ¶ 7, Ex. 3.]  Augme also generally objected to the interrogatory due to attorney-client and attorney work product privileges and on the grounds the interrogatory is overbroad and burdensome or oppressive.

**C.  S&W's First Request for Production of Documents To Augme**

S&W's first request for production of documents ("RFPD") was also propounded upon Augme on June 3, 2013.  [Shaub Dec. ¶ 8.]  On July 8, 2013, Augme responded it would produce non-privileged, responsive documents, if any, to request nos. 1-3, and 10-12, but have failed to produce one document responsive to these requests. [Shaub Dec. ¶ 9, Ex. 4 pp. 3-5, 8-10.]  Further, Augme broadly objected to request no. 13 as vague, ambiguous, overbroad in time and scope, irrelevant, burdensome and protected by attorney-client and attorney work product privileges.  [Ex. 4 at p. 10.]  Meet and confers with Augme to produce documents responsive to these requests continued through December 4, 2013 to no avail and S&W pushed to execute a protective order in the case in order to obtain unproduced documents from Augme.  [Shaub Dec. ¶ 10.]

**D.  S&W's Subpoena to Goodwin Proctor LLP**

On June 30, 2013, S&W served a subpoena upon Goodwin Proctor LLP ("Goodwin"), who represented Augme following S&W's withdrawal from the underlying actions, with requests for production of documents ("RFPD").  [Shaub Dec. ¶ 11, Ex. 5.]  Goodwin objected to all of the requests on July 29, 2013, primarily on the basis of the attorney-client and attorney

work product privileges, and not one document was produced.  [Shaub Dec. ¶ 12, Ex. 6.]  On August 7, 2013, S&W met and conferred with Augme's counsel in this litigation and Goodwin regarding the subpoena, whereby Goodwin refused to produce documents on the basis of attorney-client and attorney work product privileges held by Augme.  [Shaub Dec. ¶ 13.] Augme confirmed it would not waive the privileges.  [*Id.*]

Following the execution of a protective order in this case, as discussed below, Goodwin produced unredacted and sealed documents filed by the parties in the underlying Tacoda Action on April 8, 2014.  [Shaub Dec. ¶ 14.]  However, neither Goodwin nor Augme has produced any other documents responsive to S&W's subpoena, including documents specifically at issue in this motion: RFPD nos. 7, 8, 10, 13, 15, 16.  [*Id.*]

### E.  S&W's Second Set of Interrogatories To Augme

On July 30, 2013, S&W served Augme with a second set of interrogatories, which was objected to in its entirety on September 3, 2013.  [Shaub Dec. ¶ 15; Ex. 7.]  Augme's sweeping refusal to respond included objections based upon attorney-client and attorney work product privileges, overbreadth, burden or oppressiveness, improper marshaling of evidence and violation of Local Civil Rule 33.3.  [*Id.*]

### F.  Protective Orders

A stipulated protective order in the instant action was entered into between the parties, AOL and Goodwin on March 17, 2014, which permits the production and use of relevant, designated material from the underlying Tacoda Action in this litigation.  [Dkt. 109.]

On April 21, 2014, S&W also agreed to be bound by the protective order previously executed in *Augme Technologies, Inc. and World Talk Radio, LLC v. Yahoo! Inc*., Case No. 3:09-cv-05386-JCS ("Yahoo Action") for the production and use of relevant, designated material

from the underlying Yahoo Action in which S&W also represented Augme for patent infringement.  [Shaub Dec. ¶ 18, Ex. 10.]

### G.  Request for Supplemental Interrogatory Responses From Augme

Due to Augme's amended pleadings and newly executed protective order regarding the underlying Tacoda Action, S&W sent a meet and confer letter on April 4, 2014 requesting Augme to supplement its response to interrogatory no. 1 of S&W's first set of interrogatories and responses to S&W's set of interrogatories.  [Shaub Dec. ¶ 16, Ex. 8.]  On April 18, 2014, Augme provided amended responses to S&W's second set of interrogatory nos. 5-7, but maintained the same unwarranted objections to interrogatory nos. 8-11 asserted previously, including attorney-client and attorney work product privileges, overbreadth, burden or oppressiveness, improper marshaling of evidence and violation of Local Rule 33.3.  [Shaub Dec. ¶ 17, Ex. 9.]

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) empowers the court to order "discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  It is well settled that Rule 26 establishes a liberal discovery policy.  *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (finding that relevance under rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case*") (emphasis added)).  *Accord Maresco v. Evans Chemetics, Div.*, 964 F.2d 106, 114 (2d Cir. 1992).  Generally, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information.  *Naftchi v. New York University Medical Center*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997); see also *Johnson v. Nyack Hospital*, 169 F.R.D. 550, 550-556 (S.D.N.Y. 1996).

IV.    **ARGUMENT**

In objecting to discovery, this Court has noted that the objecting party "must offer evidence showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, [an] interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive.'" *In re Weatherford Int'l Secs. Litig.*, No. 11 Civ. 1646 (LAK)(JCF), 2013 U.S. Dist. LEXIS 154527, at *6-7 (S.D.N.Y. 2013) (internal citations omitted).  An objecting party may provide evidence to reveal the "'nature of the burden'" through "affidavits, privilege logs, and other documents." *Id*. at *7 (citations omitted).  The defendants in *In re Weatherford* objected that the interrogatory at issue was "'vague, ambiguous, overly broad, and unduly burdensome,'" but failed to provide any evidence to support those contentions.  *Id*.  This Court determined that "[s]uch '[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information,'" *Id*.  (quoting *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 U.S. Dist. LEXIS 19084, at *1 (S.D.N.Y. Oct. 23, 2003)).  Accordingly, the defendants' "boilerplate objections" without supporting evidence could not sustain their refusal to provide responsive information. *See id*.

Similarly, Augme has maintained general objections to the interrogatory from set one, first RFPDs and second set of interrogatories at issue on the basis that all of the requests are "overbroad" and cause "undue annoyance, oppression, burden and expense."  [General Objections no. 2; Ex. 3 p. 2-3; Ex. 4 p. 2-3; Ex. 8 p. 2-3; respectively.]  In addition, Augme made further boilerplate objections to all of the first RFPDs and second set of interrogatories at issue. Augme objected that first RFPD nos. 1-3, 10-13, are  "vague and ambiguous," "overbroad in time and scope," and "burden[some]" [Ex. 4 pp. 4-5, 8-10].  Augme's amended response to the second set of interrogatories objected that nos. 8 and11 are "overbroad as to scope" and

"burden[some]" [Ex. 8 pp. 7, 9], while remaining interrogatory nos. 9 and 10 are "vague and ambiguous," "overbroad in time and scope," and "burden[some]" [*id*. at p. 8]. Augme has not provided S&W any evidence to support these boilerplate objections. Therefore, Augme's objections to the interrogatory from set one, first RFPDs and second set of interrogatories at issue are wholly insufficient and failure by Augme to produce such information or documents pursuant to those objections cannot be sustained. Based on the foregoing, Augme's other objections to the requested discovery at issue are also unviable and responses to the interrogatory from set one, first RFPDs, second set of interrogatories and RFPDs to Goodwin should be compelled.

**A.  S&W's First Set of Interrogatories To Augme**

Interrogatory 1 of S&W's first set of interrogatories requests "the computation of each category of damages alleged in [Augme's] Counterclaim." [Ex. 3 p. 3.] As noted above, Augme failed to respond to this interrogatory on the basis that it is "overbroad" and causes "undue annoyance, oppression, burden and expense." [General Objections no. 2; Ex. 3 p. 2-3] However, these boilerplate objections are insufficient. *In re Weatherford*, 2013 U.S. Dist. LEXIS 154527 at *6-7.

Augme further refused to respond to interrogatory 1 based upon meritless objections that it "[c]alls for the improper marshalling of evidence." [Ex. 3 p. 4.] The mere fact that an interrogatory uses the word "all," "every," or "each" does not necessarily mean that it requires evidence marshalling. A computation of damages does not call for every fact and every piece of evidence Augme may wish to offer regarding damages at trial and thus, does not call for the marshalling of evidence. This interrogatory simply seeks the facts underlying Augme's allegation of damages. *See Linde v. Arab Bank, PLC*, 2012 U.S. Dist. LEXIS 39518, *8-9

7

(E.D.N.Y. Mar. 20, 2012) (finding that where interrogatories seek the factual support for a party's contentions, courts have tended toward a middle ground, requiring parties to explain the factual bases for their contentions by providing the material facts upon which they will rely, but not a detailed and exhaustive listing of all of the evidence that will be offered).  Since the time interrogatory 1 was first propounded on Augme, the issue of damages has been greatly narrowed to Augme's allegations of excessive billings.  The Second Amended Counterclaim fails to disclose at all an estimation of monetary damages allegedly suffered by Augme or the amount of attorneys' fees allegedly overbilled.  The pleading simply states that the reasonable value of S&W's services were "negative."  [Ex. 1 p. 4.]  As such, S&W is entitled to obtain preliminary factual support of Augme's calculation of damages prior to trial.

Augme also objected to interrogatory no. 1 on the basis that it "[c]alls for premature expert testimony."  [Ex. 3 p. 4.]  With regard to providing a requesting party a computation of damages, this Court has already noted:

> Rule 26(a)(1)(A) requires parties to exchange as part of their initial disclosures, among other material, "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). In addition, the disclosing party must make available for inspection and copying "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). This disclosure (like all other initial disclosures) must be made "based on the information then reasonably available to [the disclosing party]," and is not excused because the disclosing party has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E). Moreover, disclosures are to be timely supplemented by the disclosing party if it learns that they are incorrect or incomplete. Fed. R. Civ. P. 26(e)(1)(A).

*US Bank Nat'l Ass'n v. PHL Variable Ins. Co*., 12 Civ. 6811 (CM)(JCF), 2013 U.S. Dist. LEXIS 143398, at *7 (S.D.N.Y. 2013).  In *US Bank Nat'l Ass'n*, this Court found that the plaintiff "failed, both in its initial disclosures and subsequently, to provide [defendant] with a 'computation of each category of damages claimed' or to allow PHL to inspect or copy any

documentary evidence on which such a computation was based.'" *Id*. at *10 (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)).  The plaintiff cited *Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP* to argue that it did not need to provide its damages calculation until expert disclosures are exchanged pursuant to Rule 26(a)(2) because such information required expert testimony.  *Id.*  (citing No. 03 Civ. 5560, 2006 U.S. Dist. LEXIS 35615 (S.D.N.Y. June 1, 2006)).  However, this Court distinguished *Kingsway* by finding that even where damages will be proved by experts, "the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained."  *Id*. at *11 (citations omitted).  The Court held that since plaintiff failed to produce any computation of damages or any documentation in support thereof, it had violated Rules 26 (a) and (e).  *Id.* *12.

Moreover, according to Local Civil Rule 33.3(a), "the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents" may be requested by interrogatory at the very onset of discovery.  Here, Augme has violated Rules 26 (a) and (e) and in addition, L.R. 33.3(a), in failing to provide a computation of damages in its initial disclosures [Shaub Dec. ¶ 19, Ex. 11 p. 3], to supplement its initial disclosures after amending its counterclaims, to produce any documents in support of damages calculation, refusing to provide a computation of damages in response to S&W's interrogatory no. 1 [Ex. 3 p. 4], and continuing to refuse to provide such information after meeting and conferring [Ex. 9 p.1].  With regard to its remaining counterclaim for breach of contract, Augme simply states in its initial disclosures, dated May 15, 2013, that "[a]ttorneys fees and costs associated with the counterclaims to be determined at trial.."  [Ex. 11 p. 3.]  It is clear this statement and Augme's evasive response to S&W's interrogatory are insufficient to exclude

discovery of a damages computation.  However limited and potentially changing the

computation may be, Augme is still obligated to provide reasonably available information

concerning its counterclaim.  *US Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS at *11 (citations

omitted).

    This Court has noted Rule 26(a)(1) does not even mandate that an initial damages

computation, even if complicated, be performed by an expert.  *Id*. at *16.  Rule 26(a)(1)

contemplates an estimate or some estimate of damages and not a full expert report.  *Id*.  at *16,

17.  Therefore, the mere fact that Augme's assessment of damages may require expert testimony

does not absolve it of providing a computation of damages using the best information it has

available.  *Id*.  at *17, 18.  Augme has retained its breach of contract cause of action for

excessive billing since it filed its first counterclaims on April 12, 2013.  [Dkt. 8.]  A year later,

Augme still refuses to provide in good faith a computation of damages relating to that claim.

Accordingly, Augme's response to S&W's first set of interrogatories no. 1 should be compelled.

## B.  S&W's First Request for Production of Documents To Augme and Subpoena to Goodwin

### i.  RFPD Nos. 1-3

    RFPD Nos. 1-3 request unprivileged, internal Augme documents, "including Board

minutes and notes, Board resolutions, and internal company memoranda, notes and

communications involving Augme officers, directors, employees and/or consultants, Board

resolutions, and internal company memoranda, notes and communications involving Augme

officers, directors, employees and/or consultants" relating to its defenses [Ex. 4 pp. 3-5].

Without waiving its boilerplate objections that the RFPDs are "vague and ambiguous,"

"overbroad in time and scope," and "burden[some]," Augme stated it would produced all non-

privileged, responsive documents upon entry of a protective order.  As noted above, the parties'

protective order was entered into on March 17, 2014. Augme has yet to provide any documents responsive to these requests.  In fact, Augme has indicated during meet and confers that such documents do not exist.  However, it is implausible that, for example, board minutes or memoranda regarding issues requiring executive decisions by the company, such as terminating S&W due to excessive billing or the issuance of warrants and shares (RFPD no. 1) and pursuing ongoing litigation for infringement of its patents infringement of its patents in the litigations, would not have been prepared (RFPD nos. 2, 3).

RFPD no. 1 is relevant to Augme's counterclaim for breach of contract based on excessive billing.  In addition, RFPD nos. 2 and 3 are relevant to Augme's second affirmative defense of dismissal of good cause, whereby Augme alleges "Plaintiff's failure to obtain or understand the relevant evidence needed for the underlying cases, Plaintiff's drafting of incomprehensible briefs to the Court, Plaintiff's unprofessional demeanor during hearings, Plaintiff's excessive billings, and Plaintiff's mishandling of experts."  [Ex. 2 p. 2.]  Augme has failed to provide these documents in good faith and should be compelled to do so.

### ii.   RFPD Nos. 10 and 11/ Goodwin RFPD nos. 7 and 8

Federal Rule 34 requires a party to produce things that are in its 'possession, custody or control.'  *Banff Ltd. v. Limited, Inc.*, No. 93 Civ. 2514 (CSH)(RLE), 1994 U.S. Dist. LEXIS 1779, at *5 (S.D.N.Y. Feb. 18, 1994).  "[T]he clear rule is that documents in the possession of a party's current or former counsel are deemed to be within the party's 'possession, custody and control.'"  *MTB Bank v. Fed. Armored Express, Inc.*, No. 93 Civ. 5594 (LBS), 1998 U.S. Dist. LEXIS 922, at *12 (S.D.N.Y. Feb. 2, 1998).  Therefore, although the subpoena is directed at Augme's former counsel in the underlying actions and current counsel in other matters, Augme is deemed to be in control of the requested documents or things and can be compelled to produce

them.  Furthermore, S&W attempted on several occasions to meet and confer with Augme's current counsel and Goodwin regarding the subpoena and attached document requests, but Goodwin refused to participate.  [Shaub Dec. ¶ 20.]  Since that time, Augme has insisted that S&W address such discovery issues directly with its current counsel in this litigation, Gordon & Reese LLP.  [*Id*.]

RFPD no. 10 and Goodwin RFPD no. 7 request unprivileged documents regarding settlement in the underlying Tacoda, AOL and Yahoo actions after S&W withdrew from those cases.  RFPD no. 11 and Goodwin RFPD no. 8 request the related dismissal of the underlying Tacoda, AOL and Yahoo actions.  Responsive documents could include, for example, non-privileged communications between Augme counsel and Tacoda/AOL counsel.  Without waiving its boilerplate objections, Augme stated it would produce all non-privileged, responsive documents upon entry of a protective order.  As noted above, the parties' protective order was entered into on March 17, 2014 and April 21, 2014 for Tacoda/AOL and Yahoo, respectively.  Augme has yet to provide any documents responsive to these requests.

"While settlement agreements are often excluded at trial out of concern for prejudice and the public interest in fostering compromise, inadmissibility is no bar to discovery.  *King County v. IKB Deutsche Industriebank AG*, 09 Civ. 8387 (SAS), 2012 U.S. Dist. LEXIS 116583, at *5 (S.D.N.Y. 2012) (citations omitted).  The majority of courts in the district hold a required showing of relevance is no higher for settlements than it is for the discovery of other kinds of information.  *Id*.  (citing *ABF Capital Mgmt. v. Askin Capital*, Nos. 96 Civ. 2978, 95 Civ. 8905, 97 Civ. 1856, 97 Civ. 4335, 98 Civ. 6178, 98 Civ. 7494, 2000 U.S. Dist. LEXIS 3633, at *1 (S.D.N.Y. Feb. 8, 2000) ("[N]o heightened showing of relevance need be made in order to justify the disclosure of a settlement agreement.").  Furthermore, the federal circuit recently held that

there is no "settlement discovery privilege" protecting settlement license agreements and negotiations.  *In re MSTG*, 675 F.3d 1337, 1348 (Fed. Cir. 2012).

Here, RFPD nos. 10 and 11 and Goodwin RFPD nos. 7 and 8 are highly relevant to Augme's second affirmative defense of dismissal of good cause because Augme essentially alleges that it dismissed S&W due to professional negligence or breach of contract.  In addition, in opposition to S&W's motion to dismiss and motion for summary judgment, Augme repeatedly alleged that it was forced to dismiss the Tacoda Action and settled the AOL Action, which included a license agreement, for amounts lower than expected due to S&W's alleged negligence or breach of contract.  These issues are also relevant to S&W's cause of action for quantum meruit and Augme's counterclaim.  If the underlying actions were not settled or dismissed due to S&W's alleged legal malpractice, then Augme cannot possibly claim that S&W is not entitled to the reasonable value of its services or excessively billed for work that it allegedly failed to perform.  Accordingly, Augme has failed to provide these documents in good faith and should be compelled to do so.

### iii.   RFPD nos. 12 and 13/ Goodwin RFPD nos. 9 and 10

RFPD nos. 12 and 13 and Goodwin RFPD nos. 9 and 10 request unredacted versions of documents filed with the court and infringement contentions served in the underlying Yahoo Action.[1]  As noted above, S&W has already signed onto the protective order in the Yahoo Action as of April 21, 2014.  Therefore, Augme has no basis to continue withholding these documents and Augme should be compelled to produce documents responsive to these requests.

///

///

---

[1] RFPD no. 12 also requests unredacted versions of documents filed with this Court in the Tacoda and AOL Actions, however, those documents have been produced by Goodwin.

**C. S&W's Subpoena to Goodwin Proctor LLP**

The remaining Goodwin RFPDs requested by S&W in this motion to compel include request nos. 13, 15 and 16, which were objected to by Goodwin on the basis of attorney-client and attorney work product privileges held by Augme. While documents responsive to these requests may be confidential, which are protected by the stipulated protective order, they are not necessarily privileged.

Documents that were not prepared in anticipation of litigation or trial are not subject to the attorney work product privilege. Fed. R. Civ. P. 26(b)(3)(A). Furthermore, certain facts contained in such documents may not be privileged merely because they were communicated between the attorney and the client. *See generally*, e.g., *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). It is clear that Goodwin RFPD nos. 13, 15, and 16, consisting of fee agreements between Augme and Goodwin, payments made to Goodwin for work performed and attorney hourly rates charged by Goodwin, respectively, were not prepared in anticipation of litigation. These confidential, but non-privileged, documents are highly relevant to Augme's causes of action and affirmative defenses. Augme's pleadings allege that S&W was terminated due to excessive billing and S&W is not entitled to recover quantum meruit due to its unreasonable attorneys fees. However, these allegations cannot be sustained if the fees charged by Goodwin exceeded those of S&W, especially since Goodwin repeated work already performed by S&W, such as filing a motion for sanctions based upon the motion for sanctions filed by S&W in the underlying Tacoda Action. Without supporting documentation, S&W has no basis to determine the extent to which Augme finds attorneys' fees to be excessive or unreasonable. Accordingly, Augme has failed to provide these documents in good faith and should be compelled to do so.

///

### D.  S&W's Second Set of Interrogatories To Augme

Interrogatory no. 8 requests information regarding Augme's contention in its counterclaim that "Augme fully performed under the contract with S&W" [Ex. 8 p. 7.] and interrogatory no. 9 requests internal communications "within Augme" [*Id*. p. 9.]  Without waiving its boilerplate objections that the interrogatories are "overbroad as to scope" and "burden[some]," Augme objected that nos. 8 and 11 request information protected by the attorney-client privilege and attorney work product doctrine, improper marshalling of evidence and violates Local Rule 33.3.

Neither interrogatory requests information protected by the attorney-client privilege and attorney work product doctrine.  Given Augme's counterclaim for breach of contract due to excessive billings, interrogatory 8 contemplates information regarding Augme's performance of the disputed contract at the time S&W was engaged, which does not involve communications with its current counsel or documents prepared with or by current counsel in anticipation of litigation.  Further, interrogatory 9 specifically requests internal communications within Augme and does not seek privileged communications between Augme and Goodwin.  Therefore, objections to interrogatory nos. 8 and 11 based on privilege are completely meritless.

Objections based upon improper marshalling of evidence also fail.  As established previously, an interrogatory that seeks the facts underlying allegations, it does not necessarily require evidence marshalling.  The mere fact that an interrogatory uses the word "all," "every," or "each" does not necessarily mean that it requires evidence marshalling. Where an exhaustive listing of evidence is not practical, courts have requires parties to explain the factual bases for their contentions by providing relevant *material facts* upon which the responding party will rely. *Linde v. Arab Bank, PLC*, 2012 U.S. Dist. LEXIS at *8-9.  With regard to interrogatory no. 8, the

Federal Rules of Civil Procedure explicitly permit the use of contention interrogatories to request information regarding a party's "contention that relates to fact or the application of law to fact." *See* Fed. R. Civ. P. 33(a)(2); see also *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 ( S.D.N.Y. 2010) ("contention interrogatories are a perfectly acceptable form of discovery").  Therefore, objections to interrogatory nos. 8 and 11 based on improper marshalling of evidence are completely meritless.

Lastly, Augme's objections that interrogatory nos. 8 and 11 violate Local Rule 33.3 are completely baseless as well.  Local Civil Rule 33.3(b) provides that, interrogatories may be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition.  Interrogatory no. 11, which seeks internal communications within Augme regarding its dismissal of the Tacoda Action, is the best method for S&W to obtain the information it seeks since Augme has yet to produce any documents regarding dismissal of the Tacoda Action.  *See supra* Section IV(B)(ii) re RFPD no. 11 and Goodwin RFPD no. 8.  Further, Civil Rule 33.3(c) provides that, "At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." Interrogatory no. 8, which seeks information regarding Augme's counterclaims, is ripe for response since it is now less than 30 days prior to the discovery cut-off date.  Therefore, objections to interrogatory nos. 8 and 11 based on Local Civil Rule 33.3 do not apply.

As established above, interrogatories 8 and 11 are relevant to Augme's counterclaim and affirmative defenses.  Despite a meet and confer for responses to these interrogatories, Augme has failed to comply.  [Ex. 9.]  Accordingly, Augme has failed to provide these documents in good faith and should be compelled to do so.

## V.      <u>CONCLUSION</u>

Based upon the foregoing, Augme should be compelled to respond to S&W's First set of interrogatories, interrogatory no. 1 and S&W's second set of interrogatories, Interrogatory nos. 8, 11 within 14 days of the court's order.  In addition, Augme should be compelled to produce, and to direct Goodwin Proctor to produce, all documents responsive to S&W's First set of production of documents, RFPD nos. 1-3, and 10-13 and S&W's subpoena to Goodwin, REFD nos. 7, 8, 10, 13, 15, 16 within 14 days of the court's order.


Dated: May 2, 2014                              Respectfully submitted,

                                                By: /s/ David R. Shaub_____
                                                     David R. Shaub, Esq.
                                                     Lisbeth Bosshart Merrill, Esq.
                                                     Cassandra M. Tam, Esq.
                                                     Attorneys for the Plaintiff
                                                     SHAUB & WILLIAMS, LLP
                                                     12121 Wilshire Blvd., #205
                                                     Los Angeles, CA 90025
                                                     Tel.: (310) 826-6678
                                                     Fax: (310) 826-8042