# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P., <br><br> Plaintiff, <br><br> -against- <br><br> AUGME TECHNOLOGIES, INC., <br><br> Defendant. <br><br> ———————————————————— <br><br> AUGME TECHNOLOGIES, INC. <br><br> Counterclaimant, <br><br> -against- <br><br> SHAUB AND WILLIAMS, L.L.P., <br><br> Counterdefendant. | Civil Action No. 13-cv-01101 (GBD) (jcf) <br> ECF Case |

**DEFENDANT/COUNTERCLAIMANT AUGME TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF/COUNTERCLAIM DEFENDANT SHAUB & WILLIAMS LLP'S FIRST SET OF INTERROGATORIES**

Defendant/Counterclaimant AUGME TECHNOLOGIES, INC. ("Responding Party") responds to Interrogatories, Set One, of Plaintiff/Counterclaim Defendant SHAUB & WILLIAMS LLP ("Propounding Party"), as follows:

1. This Responding Party's responses to Propounding Party's Interrogatories are made to the best of its present knowledge, information and belief. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on this present state of Responding Party's recollection, are subject to

1

refreshing of recollection with such additional knowledge or facts that may result from further discovery and investigation.  Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's Interrogatories that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained in discovery herein.

2. Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

3. Responding Party reserves the right to object on any ground at any time to such other or supplemental interrogatories as Propounding Party may at any time propound involving or relating to the subject matter of these Interrogatories.

4. The information set forth in these responses to interrogatories was obtained from persons currently in the employ of Responding Party or, in the alternative, was gathered by counsel for Responding Party on its behalf.

## GENERAL OBJECTIONS

Responding Party makes the following general objections, whether separately set forth:

1. Responding Party objects generally to the extent that any of the Interrogatories seek information protected by the attorney-client privilege and/or attorney work product privilege.  Such information shall not be provided in the responses to Propounding Party's Interrogatories and any inadvertent disclosure thereof shall not be a waiver of any privilege with respect to such information or any attorney work product privilege which may attach thereto.

2. Responding Party objects generally to the extent that any of the interrogatories seek to require it to identify persons, entities, or events not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Responding Party than any obligation imposed by law, subject Responding Party to unreasonable and undue

annoyance, oppression, burden and expense, and seek to impose upon Responding Party an obligation to investigate or discover information or material from third parties or sources which are equally accessible to the parties.

3. Responding Party objects generally to Propounding Party's use of prefatory definitions which seek information or documents protected by the attorney-client privilege and attorney work product privilege.

4. Responding Party objects to Propounding Party's instructions to the extent that it purports to place on Responding Party obligations not required by the Federal Rules of Civil Procedure.

5. Responding Party objects to the definition of "YOU" and "YOURS" to the extent it refers to anyone other than Responding Party. Responding Party is only able to respond on behalf of itself, and no one else (e.g., predecessors in interest).

6. As a general matter, Responding Party objects to the definitions and instructions to the extent they vary from applicable rules and the plain meaning of the English language, the Federal Rules of Civil Procedure, and/or the Local Rules of the U.S.D.C., Southern District of New York.

## RESPONSES TO INTERROGATORIES

Without waiving or rebutting in any manner any of the foregoing general objections, but rather incorporating them into each of the following responses to the extent applicable, Responding Party responds to Propounding Party's Interrogatories as follows:

### INTERROGATORY NO. 1:

Describe in detail the computation of each category of damages alleged in the Counterclaim filed by you. As discovery is continuing, Responding Party reserves the right to amend this response.

### RESPONSE TO INTERROGATORY NO. 1:

Objection. Calls for the improper marshalling of evidence. Calls for premature expert testimony. The General Objections are hereby incorporated by reference.

### INTERROGATORY NO. 2:

Identify all persons who have communicated with Augme regarding Augme's allegations that Shaub & Williams LLP ("S&W") failed to take a course of action that would lead to obtaining sufficient and responsive information and documents such that Augme could prove patent infringement.

### RESPONSE TO INTERROGATORY NO. 2:

Objection. Vague and ambiguous. Overbroad as to time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party identifies the following individuals:

- Lisbeth Bosshart Merrill, counsel for Plaintiff
- David Shaub, counsel for Plaintiff
- Cassandra Tam, counsel for Plaintiff
- Thomas J. Scott, Jr., Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001—DO NOT CONTACT; communications subject to the attorney-client privilege and work product doctrine
- Jennifer A. Albert, Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001—DO NOT CONTACT; communications subject to the attorney-client privilege and work product doctrine
- Paul Arena, former C.E.O. at Augme, current C.E.O. of AIM Group International, Broadway 1601-12th floor, New York, NY 10019
- Nate Bradley, former Chief Technology & Product Officer at Augme, current

4

Chief Technology Officer & President of IP Services of Marathon Patent Group, Inc., 9070 S. Rita Road, Suite 1550, Tucson, AZ 85747

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 3:**

Identify all persons who have communicated with Augme regarding Augme's allegations that Shaub & Williams LLP ("S&W") misunderstood the patents-in-suit and the accused Tacoda/AOL technology and did not correctly identify the "second code module" of the Tacoda system.

**RESPONSE TO INTERROGATORY NO. 3**:

Objection. Vague and ambiguous. Overbroad as to time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party identifies the following individuals:

- Lisbeth Bosshart Merrill, counsel for Plaintiff
- David Shaub, counsel for Plaintiff
- Cassandra Tam, counsel for Plaintiff
- Thomas J. Scott, Jr., Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001—DO NOT CONTACT; communications subject to the attorney-client privilege and work product doctrine
- Jennifer A. Albert, Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001—DO NOT CONTACT; communications subject to the attorney-client privilege and work product doctrine
- Paul Arena, former C.E.O. at Augme, current C.E.O. of AIM Group International, Broadway 1601-12th floor, New York, NY 10019
- Nate Bradley, former Chief Technology & Product Officer at Augme, current

5

Chief Technology Officer & President of IP Services of Marathon Patent Group, Inc., 9070 S. Rita Road, Suite 1550, Tucson, AZ 85747

As discovery is continuing, Responding Party reserves the right to amend this response.

### INTERROGATORY NO. 4:

Identify all persons who have communicated with Augme regarding Augme's allegations that Shaub & Williams LLP ("S&W") subpoenaed Burst Media, but instead of seeking the source code which would have established whether the accused Tacoda/AOL technology contained the claimed "second code module," agreed to the receipt of a declaration concerning the existence of other documents and materials.

### RESPONSE TO INTERROGATORY NO. 4:

Objection. Vague and ambiguous. Overbroad as to time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party identifies the following individuals:

- Lisbeth Bosshart Merrill, counsel for Plaintiff

- David Shaub, counsel for Plaintiff

- Cassandra Tam, counsel for Plaintiff

- Thomas J. Scott, Jr., Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001—DO NOT CONTACT; communications subject to the attorney-client privilege and work product doctrine

- Jennifer A. Albert, Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001—DO NOT CONTACT; communications subject to the attorney-client privilege and work product doctrine

- Paul Arena, former C.E.O. at Augme, current C.E.O. of AIM Group International, Broadway 1601-12th floor, New York, NY 10019

- Nate Bradley, former Chief Technology & Product Officer at Augme, current Chief Technology Officer & President of IP Services of Marathon Patent Group, Inc., 9070 S. Rita Road, Suite 1550, Tucson, AZ 85747

As discovery is continuing, Responding Party reserves the right to amend this response.

Dated: July 8, 2013

by    *s/ Richard P. Sybert*
GORDON & REES LLP
Robert Modica (SBN 3932456)
rmodica@gordonrees.com
90 Broad Street, 23rd Floor
New York, NY 10004
phone (212) 269-5500 / fax (212) 269-5505

GORDON & REES LLP
Richard P. Sybert (*Pro Hac Vice* pending)
rsybert@gordonrees.com
Yuo-Fong C. Amato (*Pro Hac Vice* pending)
bamato@gordonrees.com
101 W. Broadway, Suite 2000
San Diego, CA 92101
phone (619) 696-6700 / fax (619) 696-7124

**ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIMANT
AUGME TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2013, I served the foregoing document by electronic mail to the counsel listed below:

Lisbeth Bosshart Merrill
David Ripley Shaub
Shaub & Williams LLP
12121 Wilshire Boulevard
Suite 205
Los Angeles, CA 90025
(310)-826-6678
(310)-826-8042 (fax)
lmerrill@sw-law.com
dave@sw-law.com

Attorneys for Plaintiff
SHAUB & WILLIAMS LLP

The parties have agreed to electronic service.

Executed this 8th day of July, 2013 in Allentown, Pennsylvania.

/s/Yuo-Fong C. Amato
Yuo-Fong C. Amato

AUG/1086886/15881095v.1