# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P., <br><br> Plaintiff, <br><br> -against- <br><br> AUGME TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 13-cv-01101 (GBD) (jcf) <br> ECF Case |
| AUGME TECHNOLOGIES, INC. <br><br> Counterclaimant, <br><br> -against- <br><br> SHAUB AND WILLIAMS, L.L.P., <br><br> Counterdefendant. | |

**DEFENDANT/COUNTERCLAIMANT AUGME TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF/COUNTERCLAIM DEFENDANT SHAUB & WILLIAMS LLP'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant/Counterclaimant AUGME TECHNOLOGIES, INC. ("Responding Party") responds to Request for Production of Documents, Set One, of Plaintiff/Counterclaim Defendant SHAUB & WILLIAMS LLP ("Propounding Party"), as follows:

1. Responding Party's responses to Request for Production of Documents are made to the best of its present knowledge, information and belief. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on the present state of Responding Party's recollection, are subject to refreshing

1

of such recollection with such additional knowledge or facts that may result from further discovery or investigation.  Responding Party reserves its right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's Request for Production of Documents that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained and discovered herein.

2. Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

3. Responding Party reserves the right to object on any ground at any time to such other or supplemental request for production of documents as Propounding Party may at any time propound involving or relating to the subject matter of these requests for production of documents.

4. The information set forth in the responses to these requests for production of documents was obtained from persons currently employed by Responding Party or, in the alternative, information gathered by counsel for Responding Party on its behalf.

## **GENERAL OBJECTIONS**

Responding Party makes the following general objections, whether or not separately set forth:

1. Responding Party objects generally to the extent that any of the requests for production of documents seeks information protected by the attorney-client privilege and/or attorney work product privilege.  Such information shall not be provided in the responses to Propounding Party's request for production of documents and any inadvertent disclosure thereof shall not be deemed waiver of any privilege with respect to such information or any attorney work product privilege which may attach thereto.

2. Responding Party objects generally to the extent that any of the requests for production of documents seeks to require Responding Party to identify persons, entities or events

not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Responding Party than any obligation imposed by law, subject Responding Party to unreasonable and undue annoyance, oppression, burden and expense, and seek to impose upon Responding Party an obligation to investigate and discover information and materials from third parties or sources which are equally accessible to the parties.

3. Responding Party objects generally to Propounding Party's use of prefatory definitions which seek information or documents protected by the attorney-client privilege and attorney work product privilege.

4. Responding Party objects to Propounding Party's instructions to the extent that it purports to place on Responding Party obligations not required by the Federal Rules of Civil Procedure.

5. Responding Party objects to the definition of "YOU" and "YOURS" to the extent it refers to anyone other than Responding Party. Responding Party is only able to respond on behalf of itself, and no one else (e.g., predecessors in interest).

6. As a general matter, Responding Party objects to the definitions and instructions to the extent they vary from applicable rules and the plain meaning of the English language, the Federal Rules of Civil Procedure, and/or the Local Rules of the U.S.D.C., Southern District of New York.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents, electronically stored information and things, including Board minutes and notes, Board resolutions, and internal company memoranda, notes and communications involving Augme officers, directors, employees and/or consultants, concerning the legal representation by Shaub & Williams LLP in the Tacoda, AOL and Yahoo litigations, including the amounts of and/or payment of outstanding invoices, issuance of warrants and shares, performance, contemplated termination of, and/or replacement of as counsel.

**RESPONSE TO REQUEST NO. 1:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party responds as follows:

Subject to the entry of a protective order, and subject to the narrowing of the scope of this request upon the parties' agreement, Responding Party will produce non-privileged, responsive documents, if any, at a time and place mutually convenient to the parties.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 2:**

All documents, electronically stored information and things, including Board minutes and notes, Board resolutions, and internal company memoranda, notes and communications involving Augme officers, directors, employees and/or consultants, concerning infringement analysis of Augme's patents in the Tacoda, AOL and Yahoo litigations including regarding a first and second code module as described in those litigations.

**RESPONSE TO REQUEST NO. 2:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party responds as follows:

Subject to the entry of a protective order, and subject to the narrowing of the scope of this request upon the parties' agreement, Responding Party will produce non-privileged, responsive documents, if any, at a time and place mutually convenient to the parties.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 3:**

All documents, electronically stored information and things, including Board minutes and notes, Board resolutions, and internal company memoranda, notes and communications involving Augme officers, directors, employees and/or consultants, concerning document production in the Tacoda and AOL litigations by Defendants in those actions including the spoliation of documents by AOL and documents in possession of Burst Media.

**RESPONSE TO REQUEST NO. 3:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party responds as follows:

Subject to the entry of a protective order, and subject to the narrowing of the scope of this request upon the parties' agreement, Responding Party will produce non-privileged, responsive documents, if any, at a time and place mutually convenient to the parties.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 4:**

All documents, electronically stored information and things concerning communications between attorneys from Goodwin Proctor LLP ("Goodwin"), Augme, and/or any expert or consultant regarding infringement analysis of the Augme patents, including in regard to a first and second code module referenced in Augme's '691 and '636 patents.

**RESPONSE TO REQUEST NO. 4:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the

5

attorney-client privilege and attorney work product, including but not limited to expert work product.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 5:**

All documents, electronically stored information and things concerning communications between attorneys from Goodwin, Augme, and/or any expert or consultant regarding document productions in the Tacoda and AOL litigations from the date Goodwin was hired by Augme to present, including the spoliation of documents by AOL and documents in the possession of Burst Media.

**RESPONSE TO REQUEST NO. 5:**

Objection.  Vague and ambiguous.  Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product, including but not limited to expert work product.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 6:**

All documents, electronically stored information and things concerning communications between attorneys from Goodwin, Augme, and/or any expert or consultant regarding the performance of legal services by Shaub & Williams LLP.

**RESPONSE TO REQUEST NO. 6:**

Objection.  Vague and ambiguous.  Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product, including but not limited to expert work product.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 7:**

All documents, electronically stored information and things concerning communications between attorneys from Goodwin, Augme, and/or any expert or consultant regarding compensation owed to Shaub & Williams LLP.

**RESPONSE TO REQUEST NO. 7:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product, including but not limited to expert work product. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 8:**

All communications between attorneys from Goodwin, Augme, any expert or consultant, and/or Defendants in the Tacoda, AOL and Yahoo litigations regarding agreed upon undisputed facts concerning any motion for summary judgment from the date Goodwin was hired by Augme to present.

**RESPONSE TO REQUEST NO. 8:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product, including but not limited to expert work product. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 9:**

All communications between attorneys from Goodwin, Augme, any expert or consultant, and/or Defendants in the Tacoda, AOL, and Yahoo litigations regarding any motion for summary judgment filed in those actions from the date Goodwin was hired by Augme to present.

**RESPONSE TO REQUEST NO. 9:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product, including but not limited to expert work product. Unintelligible, as the request does not identify the parties to which the communications were sent to. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 10:**

All documents, electronically stored information and things concerning any settlement demands, discussions or negotiations in the Tacoda, AOL and/or Yahoo litigation from the date Goodwin was hired by Augme to represent it in those actions, including communications involving attorneys from Goodwin, Augme, experts, consultants, and/or the Defendants in those actions either directly or through counsel, and memorandum, notes, statements, recommendations, offers and proposals.

**RESPONSE TO REQUEST NO. 10:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product. The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party responds as follows:

Subject to the entry of a protective order, and subject to the narrowing of the scope of this request upon the parties' agreement, Responding Party will produce non-privileged, responsive documents, if any, at a time and place mutually convenient to the parties.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 11:**

All documents, electronically stored information and things concerning the dismissal of the Tacoda, AOL and Yahoo litigations.

**RESPONSE TO REQUEST NO. 11:**

Objection.  Vague and ambiguous.  Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product.  The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party responds as follows:

Subject to the entry of a protective order, and subject to the narrowing of the scope of this request upon the parties' agreement, Responding Party will produce non-privileged, responsive documents, if any, at a time and place mutually convenient to the parties.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 12:**

All unredacted versions of documents, electronically stored information and things filed with the Courts in the Tacoda, AOL and Yahoo litigations by Goodwin which contained redactions.

**RESPONSE TO REQUEST NO. 12:**

Objection.  Vague and ambiguous.  Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product.  The General Objections are incorporated by reference.

Without waiving and subject to said objections, Responding Party responds as follows:

Subject to the entry of a protective order, and subject to a satisfactory offer of proof as to the relevance of this request and a corresponding narrowing of the scope of this request if

9

possible, Responding Party may produce non-privileged, responsive documents, if any, at a time and place mutually convenient to the parties.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 13:**

All unredacted versions of documents, electronically stored information and things relating to the infringement contentions served in the Yahoo litigation by Goodwin.

**RESPONSE TO REQUEST NO. 13:**

Objection.  Vague and ambiguous.  Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 14:**

All documents, electronically stored information and things concerning instructions, conditions or requests made between Augme and attorneys from Goodwin regarding Shaub & Williams LLP continuing to provide services in the Tacoda, AOL and Yahoo litigations or assist in any way with infringement analysis after the date Goodwin and Augme first communicated to contemplated Augme hiring Goodwin to represent it to present.

**RESPONSE TO REQUEST NO. 14:**

Objection.  Vague and ambiguous.  Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**REQUEST NO. 15:**

All documents, electronically stored information and things concerning the infringement analysis provided by Shaub & Williams LLP in the Tacoda and AOL litigations including Goodwin's internal notes, memoranda, and communications between attorneys from Goodwin, Augme, experts, and/or consultants regarding such analysis.

**RESPONSE TO REQUEST NO. 15:**

Objection. Vague and ambiguous. Overbroad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

Dated: July 8, 2013

          by  *s/ Richard P. Sybert*
              GORDON & REES LLP
              Robert Modica (SBN 3932456)
              rmodica@gordonrees.com
              90 Broad Street, 23rd Floor
              New York, NY 10004
              phone (212) 269-5500 / fax (212) 269-5505

              GORDON & REES LLP
              Richard P. Sybert (*Pro Hac Vice* pending)
              rsybert@gordonrees.com
              Yuo-Fong C. Amato (*Pro Hac Vice* pending)
              bamato@gordonrees.com
              101 W. Broadway, Suite 2000
              San Diego, CA 92101
              phone (619) 696-6700 / fax (619) 696-7124

              **ATTORNEYS FOR DEFENDANT
              AND COUNTERCLAIMANT
              AUGME TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2013, I served the foregoing document by electronic mail to the counsel listed below:

Lisbeth Bosshart Merrill
David Ripley Shaub
Shaub & Williams LLP
12121 Wilshire Boulevard
Suite 205
Los Angeles, CA 90025
(310)-826-6678
(310)-826-8042 (fax)
lmerrill@sw-law.com
dave@sw-law.com

Attorneys for Plaintiff
SHAUB & WILLIAMS LLP

The parties have agreed to electronic service.

Executed this 8th day of July, 2013 in Allentown, Pennsylvania.

                                        /s/Yuo-Fong C. Amato
                                        Yuo-Fong C. Amato