# EXHIBIT 7

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P., <br><br> Plaintiff, <br><br> -against- <br><br> AUGME TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 13-cv-01101 (GBD) (jcf) <br> ECF Case |
| AUGME TECHNOLOGIES, INC. <br><br> Counterclaimant, <br><br> -against- <br><br> SHAUB AND WILLIAMS, L.L.P., <br><br> Counterdefendant. | |

**DEFENDANT/COUNTERCLAIMANT AUGME TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF/COUNTERCLAIM DEFENDANT SHAUB & WILLIAMS LLP'S SECOND SET OF INTERROGATORIES**

Defendant/Counterclaimant AUGME TECHNOLOGIES, INC. ("Responding Party") responds to Interrogatories, Set Two, of Plaintiff/Counterclaim Defendant SHAUB & WILLIAMS LLP ("Propounding Party"), as follows:

1. This Responding Party's responses to Propounding Party's Interrogatories are made to the best of its present knowledge, information and belief. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on this present state of Responding Party's recollection, are subject to

1

refreshing of recollection with such additional knowledge or facts that may result from further discovery and investigation.  Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's Interrogatories that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained in discovery herein.

2. Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

3. Responding Party reserves the right to object on any ground at any time to such other or supplemental interrogatories as Propounding Party may at any time propound involving or relating to the subject matter of these Interrogatories.

4. The information set forth in these responses to interrogatories was obtained from persons currently in the employ of Responding Party or, in the alternative, was gathered by counsel for Responding Party on its behalf.

## GENERAL OBJECTIONS

Responding Party makes the following general objections, whether separately set forth:

1. Responding Party objects generally to the extent that any of the Interrogatories seek information protected by the attorney-client privilege and/or attorney work product privilege.  Such information shall not be provided in the responses to Propounding Party's Interrogatories and any inadvertent disclosure thereof shall not be a waiver of any privilege with respect to such information or any attorney work product privilege which may attach thereto.

2. Responding Party objects generally to the extent that any of the interrogatories seek to require it to identify persons, entities, or events not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Responding Party than any obligation imposed by law, subject Responding Party to unreasonable and undue

2

annoyance, oppression, burden and expense, and seek to impose upon Responding Party an obligation to investigate or discover information or material from third parties or sources which are equally accessible to the parties.

3. Responding Party objects generally to Propounding Party's use of prefatory definitions which seek information or documents protected by the attorney-client privilege and attorney work product privilege.

4. Responding Party objects to Propounding Party's instructions to the extent that it purports to place on Responding Party obligations not required by the Federal Rules of Civil Procedure.

5. Responding Party objects to the definition of "YOU" and "YOURS" to the extent it refers to anyone other than Responding Party. Responding Party is only able to respond on behalf of itself, and no one else (e.g., predecessors in interest).

6. As a general matter, Responding Party objects to the definitions and instructions to the extent they vary from applicable rules and the plain meaning of the English language, the Federal Rules of Civil Procedure, and/or the Local Rules of the U.S.D.C., Southern District of New York.

## RESPONSES TO INTERROGATORIES

Without waiving or rebutting in any manner any of the foregoing general objections, but rather incorporating them into each of the following responses to the extent applicable, Responding Party responds to Propounding Party's Interrogatories as follows:

**INTERROGATORY NO. 5:**

Describe in detail all facts underlying your contention in your Affirmative Defenses that Shaub & Williams LLP ("S&W") was dismissed as counsel for good cause, including identifying the point in time in which Augme allegedly dismissed S&W.

**RESPONSE TO INTERROGATORY NO. 5**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by

the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 6:**

Describe in detail all facts underlying your contention in your Affirmative Defenses that S&W did not perform the legal work for which it billed Augme.

**RESPONSE TO INTERROGATORY NO. 6**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 7:**

Describe in detail all facts underlying your contention in your Affirmative Defenses and Counterclaim that S&W's bills to Augme were consistently, systematically and intentionally excessive and padded.

**RESPONSE TO INTERROGATORY NO. 7**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 8:**

Describe in detail all facts underlying your contention in the Counterclaim that Augme fully performed under the contract with S&W up to the time that Augme allegedly dismissed S&W as counsel for Augme.

**RESPONSE TO INTERROGATORY NO. 8**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 9:**

Describe in detail all facts, including each and every investigation and/or evaluation by you, or anyone on behalf of you, underlying your contention in the Counterclaim that S&W misunderstood the patents-in-suit and the accused Tacoda/AOL technology and in particular, your contention in the Counterclaim that S&W did not correctly identify the "second code module" of the Tacoda system.

**RESPONSE TO INTERROGATORY NO. 9**:

Objection. Vague and ambiguous as to "investigation" and "evaluation." Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

5

**INTERROGATORY NO. 10:**

Describe in detail all facts, including each and every investigation and/or evaluation by you, or anyone on behalf of you, underlying your contention in the Counterclaim that seeking discovery from the server hosted by Burst Media would have produced source code that would have established whether the accused Tacoda/AOL technology contained the claims "second code module."

**RESPONSE TO INTERROGATORY NO. 10**:

Objection.  Vague and ambiguous as to "investigation" and "evaluation."  Requesting "all facts" "in detail" is overbroad as to scope.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product doctrine.  Calls for the improper marshalling of evidence.  Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

/ / /

/ / /

/ / /

6

**INTERROGATORY NO. 11:**

Describe in detail each and every communication within Augme, including Augme's rationale, regarding its decision to dismiss the Tacoda Action.

**RESPONSE TO INTERROGATORY NO. 11**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

Dated: September 3, 2013

        by  *s/ Richard P. Sybert*
            GORDON & REES LLP
            Robert Modica (SBN 3932456)
            rmodica@gordonrees.com
            90 Broad Street, 23rd Floor
            New York, NY 10004
            phone (212) 269-5500 / fax (212) 269-5505

            GORDON & REES LLP
            Richard P. Sybert (*Pro Hac Vice*)
            rsybert@gordonrees.com
            Yuo-Fong C. Amato (*Pro Hac Vice*)
            bamato@gordonrees.com
            101 W. Broadway, Suite 2000
            San Diego, CA 92101
            phone (619) 696-6700 / fax (619) 696-7124

            **ATTORNEYS FOR DEFENDANT**
            **AND COUNTERCLAIMANT**
            **AUGME TECHNOLOGIES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of September, 2013, I served the foregoing document by electronic mail to the counsel listed below:

    Lisbeth Bosshart Merrill
    David Ripley Shaub
    Shaub & Williams LLP
    12121 Wilshire Boulevard
    Suite 205
    Los Angeles, CA 90025
    (310)-826-6678
    (310)-826-8042 (fax)
    lmerrill@sw-law.com
    dave@sw-law.com

    Attorneys for Plaintiff
    SHAUB & WILLIAMS LLP

The parties have agreed to electronic service.

Executed this 3rd day of September, 2013 in Allentown, Pennsylvania.

                                            /s/Yuo-Fong C. Amato
                                            Yuo-Fong C. Amato