# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUB AND WILLIAMS, L.L.P., | Civil Action No. 13-cv-01101 (GBD) (jcf) |
| | ECF Case |
| Plaintiff, | |
| -against- | |
| AUGME TECHNOLOGIES, INC., | |
| Defendant. | |
| | |
| AUGME TECHNOLOGIES, INC. | |
| Counterclaimant, | |
| -against- | |
| SHAUB AND WILLIAMS, L.L.P., | |
| Counterdefendant. | |

**DEFENDANT/COUNTERCLAIMANT AUGME TECHNOLOGIES, INC.'S FIRST AMENDED RESPONSE TO PLAINTIFF/COUNTERCLAIM DEFENDANT SHAUB & WILLIAMS LLP'S SECOND SET OF INTERROGATORIES**

Defendant/Counterclaimant HIPCRICKET, INC. ("Responding Party" or "Hipcricket") responds to Interrogatories, Set Two, of Plaintiff/Counterclaim Defendant SHAUB & WILLIAMS LLP ("Propounding Party" or "S&W"), as follows:

1.      This Responding Party's responses to Propounding Party's Interrogatories are made to the best of its present knowledge, information and belief. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on this present state of Responding Party's recollection, are subject to

1

refreshing of recollection with such additional knowledge or facts that may result from further discovery and investigation.  Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's Interrogatories that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained in discovery herein.

2.      Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

3.      Responding Party reserves the right to object on any ground at any time to such other or supplemental interrogatories as Propounding Party may at any time propound involving or relating to the subject matter of these Interrogatories.

4.      The information set forth in these responses to interrogatories was obtained from persons currently in the employ of Responding Party or, in the alternative, was gathered by counsel for Responding Party on its behalf.

## GENERAL OBJECTIONS

Responding Party makes the following general objections, whether separately set forth:

1.      Responding Party objects generally to the extent that any of the Interrogatories seek information protected by the attorney-client privilege and/or attorney work product privilege.  Such information shall not be provided in the responses to Propounding Party's Interrogatories and any inadvertent disclosure thereof shall not be a waiver of any privilege with respect to such information or any attorney work product privilege which may attach thereto.

2.      Responding Party objects generally to the extent that any of the interrogatories seek to require it to identify persons, entities, or events not known on the grounds that such instructions, definitions, or requests are overbroad and seek to require more of Responding Party than any obligation imposed by law, subject Responding Party to unreasonable and undue

annoyance, oppression, burden and expense, and seek to impose upon Responding Party an obligation to investigate or discover information or material from third parties or sources which are equally accessible to the parties.

3. Responding Party objects generally to Propounding Party's use of prefatory definitions which seek information or documents protected by the attorney-client privilege and attorney work product privilege.

4. Responding Party objects to Propounding Party's instructions to the extent that it purports to place on Responding Party obligations not required by the Federal Rules of Civil Procedure.

5. Responding Party objects to the definition of "YOU" and "YOURS" to the extent it refers to anyone other than Responding Party. Responding Party is only able to respond on behalf of itself, and no one else (e.g., predecessors in interest).

6. As a general matter, Responding Party objects to the definitions and instructions to the extent they vary from applicable rules and the plain meaning of the English language, the Federal Rules of Civil Procedure, and/or the Local Rules of the U.S.D.C., Southern District of New York.

## FIRST AMENDED RESPONSES TO INTERROGATORIES

Without waiving or rebutting in any manner any of the foregoing general objections, but rather incorporating them into each of the following responses to the extent applicable, Responding Party responds to Propounding Party's Interrogatories as follows:

**INTERROGATORY NO. 5:**

Describe in detail all facts underlying your contention in your Affirmative Defenses that Shaub & Williams LLP ("S&W") was dismissed as counsel for good cause, including identifying the point in time in which Augme allegedly dismissed S&W.

**RESPONSE TO INTERROGATORY NO. 5**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by

3

the attorney-client privilege and attorney work product doctrine.  Calls for the improper marshalling of evidence.  Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery.  The General Objections are incorporated by reference.

      Without waiving the above objections, Responding Party responds as follows:

      On or around March 2008, Hipcricket (as its predecessor, Modavox, Inc.) engaged S&W as its attorney in the *Modavox, Inc. v. Tacoda, Inc.* matter ("Tacoda Action") (U.S.D.C., S.D.N.Y., Case No. 1:07-cv-07088-CM), and subsequently engaged S&W as its attorney in the *Augme Technologies, Inc. v. AOL* ("AOL Action") (U.S.D.C., S.D.N.Y., Case No. 1:09-cv-04299-RWS) and *Augme Technologies, Inc. v. Yahoo, Inc.* ("Yahoo Action") (U.S.D.C., N.D.Cal., Case No. 3:09-cv-05386-JCS) matters, all relating to patent infringement.

      On July 23, 2008, defendant in the Tacoda Action failed to serve responses to Hipcricket's discovery requests, including the production of documents.  Despite not receiving sufficient and responsive information and documents, as alleged above, S&W failed to take a course of action that would have led to obtaining sufficient and responsive information and documents to allow Hipcricket meaningfully to pursue its claims of patent infringement at issue in the Tacoda Action.  Specifically without limitation, S&W did not file a first motion for sanctions against the Tacoda defendant until October 28, 2009, over a year later, and, further, such a motion was directed to evidence irrelevant to infringement analysis (as was the renewed motion for sanctions filed in April 21, 2010).  The Tacoda defendant issued internal instructions to destroy evidence on October 21, 2008, which may have been prevented had S&W taken a more timely and relevant approach to resolve discovery disputes and/or issued a litigation hold to the Tacoda defendant.

      Despite the fact that the Tacoda defendant had issued internal instructions to destroy evidence, S&W was unable to obtain sanctions for those actions, because the motion papers for sanctions that S&W submitted were deemed "incomprehensible" by the magistrate judge.  This was not an isolated incident:  S&W had also submitted poorly written claim construction briefs and other incomprehensible motions as well.  During in-person conferences, and especially

during the claim construction hearing, it became apparent that lead attorney, David Shaub of S&W, performed poorly and fell below the expected and standard professional standards, due to his overall presentation.

S&W misunderstood the patents-in-suit and the accused Tacoda/AOL technology. Specifically without limitation, S&W did not correctly identify the "second code module" of the Tacoda system. Because of this fundamental misunderstanding of the accused Tacoda technology, S&W extensively questioned key fact witnesses and issued discovery regarding an irrelevant Internet server instead of the relevant server hosted by a third party retained by Tacoda, Burst Media.

S&W did subpoena Burst Media, but instead of seeking the source code which would have established whether the accused technology contained the claimed "second code module," S&W agreed to the receipt of an evasive and materially non-responsive declaration concerning the existence of other documents and materials. S&W did not follow up with deposition of Burst Media, or inspection of documents, or any other action beyond "taking Burst Media's word for it."

In addition, S&W mishandled the experts retained in this matter, allowing Andrew Cromarty to overbill Hipcricket. S&W reviewed the agreement on behalf of Hipcricket, but failed to correct or negotiate crucial provisions that were unreasonably biased in Mr. Cromarty's favor. S&W also failed to request more detailed timesheets from Mr. Cromarty, and failed to control Mr. Cromarty's exorbitant billing practices.

Finally, S&W regularly submitted excessive and padded bills because it was only entitled to 50% of the billings. S&W regularly "doubled up" on attorneys where it was unnecessary. S&W regularly billed Hipcricket at rates higher than what the parties had agreed upon. S&W regularly billed Hipcricket for administrative tasks and other tasks that attorneys typically do not bill for.

On or around February 2011, Hipcricket informed S&W that it would be replaced by another, much larger law firm with substantially more experience in patent litigation, Goodwin Procter.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 6:**

Describe in detail all facts underlying your contention in your Affirmative Defenses that S&W did not perform the legal work for which it billed Augme.

**RESPONSE TO INTERROGATORY NO. 6**:

Objection.  Requesting "all facts" "in detail" is overbroad as to scope.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product doctrine.  Calls for the improper marshalling of evidence.  Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery.  Calls for premature expert testimony.  The General Objections are incorporated by reference.

Without waiving the above objections, Responding Party responds as follows:

On information and belief and on the face of the billing records, it appears that S&W regularly submitted excessive and padded bills because it was only entitled to 50% of the billings.  It is not clear that S&W performed all of the work for which it billed.  S&W also regularly "doubled up" on attorneys where it was unnecessary; such duplication did not constitute "work."

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 7:**

Describe in detail all facts underlying your contention in your Affirmative Defenses and Counterclaim that S&W's bills to Augme were consistently, systematically and intentionally excessive and padded.

6

**RESPONSE TO INTERROGATORY NO. 7**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. Calls for premature expert testimony. The General Objections are incorporated by reference.

Without waiving the above objections, Responding Party responds as follows:

On information and belief and on the face of the billing records, it appears that S&W regularly submitted excessive and padded bills because it was only entitled to 50% of the billings. S&W regularly "doubled up" on attorneys where it was unnecessary. S&W regularly billed Hipcricket at rates higher than what the parties had agreed upon. S&W regularly billed Hipcricket for administrative tasks and other tasks that attorneys typically do not bill for. As examples and not by way of limitation, S&W billed Hipcricket for tasks such as "burning CDs," "help . . . find documents," "assembly of documents," "create index," etc.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 8:**

Describe in detail all facts underlying your contention in the Counterclaim that Augme fully performed under the contract with S&W up to the time that Augme allegedly dismissed S&W as counsel for Augme.

**RESPONSE TO INTERROGATORY NO. 8**:

Objection. Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

7

**INTERROGATORY NO. 9:**

Describe in detail all facts, including each and every investigation and/or evaluation by you, or anyone on behalf of you, underlying your contention in the Counterclaim that S&W misunderstood the patents-in-suit and the accused Tacoda/AOL technology and in particular, your contention in the Counterclaim that S&W did not correctly identify the "second code module" of the Tacoda system.

**RESPONSE TO INTERROGATORY NO. 9**:

Objection. Vague and ambiguous as to "investigation" and "evaluation." Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 10:**

Describe in detail all facts, including each and every investigation and/or evaluation by you, or anyone on behalf of you, underlying your contention in the Counterclaim that seeking discovery from the server hosted by Burst Media would have produced source code that would have established whether the accused Tacoda/AOL technology contained the claims "second code module."

**RESPONSE TO INTERROGATORY NO. 10**:

Objection. Vague and ambiguous as to "investigation" and "evaluation." Requesting "all facts" "in detail" is overbroad as to scope. The burden and expense of responding outweighs the request's likely benefit. Calls for information protected by the attorney-client privilege and attorney work product doctrine. Calls for the improper marshalling of evidence. Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery. The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 11:**

Describe in detail each and every communication within Augme, including Augme's rationale, regarding its decision to dismiss the Tacoda Action.

**RESPONSE TO INTERROGATORY NO. 11**:

Objection.  Requesting "all facts" "in detail" is overbroad as to scope.  The burden and expense of responding outweighs the request's likely benefit.  Calls for information protected by the attorney-client privilege and attorney work product doctrine.  Calls for the improper marshalling of evidence.  Violates Local Rule 33.3 in that this is not a proper subject for an interrogatory at this stage of discovery.  The General Objections are incorporated by reference.

As discovery is continuing, Responding Party reserves the right to amend this response.

Dated:  April 18, 2014

by      *s/ Richard P. Sybert*
GORDON & REES LLP
Robert Modica (SBN 3932456)
rmodica@gordonrees.com
90 Broad Street, 23rd Floor
New York, NY 10004
phone (212) 269-5500 / fax (212) 269-5505

GORDON & REES LLP
Richard P. Sybert (*Pro Hac Vice*)
rsybert@gordonrees.com
Yuo-Fong C. Amato (*Pro Hac Vice*)
bamato@gordonrees.com
101 W. Broadway, Suite 2000
San Diego, CA 92101
phone (619) 696-6700 / fax (619) 696-7124

**ATTORNEYS FOR DEFENDANT
AND COUNTERCLAIMANT
AUGME TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2014, I served the foregoing document by electronic mail to the counsel listed below:

    Lisbeth Bosshart Merrill
    David Ripley Shaub
    Shaub & Williams LLP
    12121 Wilshire Boulevard
    Suite 205
    Los Angeles, CA 90025
    (310)-826-6678
    (310)-826-8042 (fax)
    lmerrill@sw-law.com
    dave@sw-law.com

    Attorneys for Plaintiff
    SHAUB & WILLIAMS LLP

The parties have agreed to electronic service.

Executed this 18th day of April, 2014 in Allentown, Pennsylvania.

                                            /s/Yuo-Fong C. Amato
                                            Yuo-Fong C. Amato